IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Darrell L. Jackson, Jr.,                       Case No. 1:18 CV 986

                  Petitioner,          ORDER ADOPTING
      -vs-                          <u>REPORT AND RECOMMENDATION</u>

Warden Brigham Sloan,                 JUDGE JACK ZOUHARY

                Respondent.

## INTRODUCTION

Petitioner *pro se* Darrell Jackson, a state prisoner, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). Jackson later filed a Motion for Stay (Doc. 9) and a Motion to Amend the Petition (Doc. 13). Respondent Warden Brigham Sloan responded to both Motions (Docs. 11, 14). The case was referred to Magistrate Judge Jonathan Greenberg for a Report and Recommendation (R&R). The R&R (Doc. 15) recommends this Court deny both Motions. Jackson objects (Doc. 16), and Sloan responds (Doc. 17).

## BACKGROUND

Jackson does not object to the R&R's recitation of the factual and procedural background (Doc. 15 at 1–7). This Court incorporates by reference and briefly summarizes that background.

**State Court**

Jackson was prosecuted in Ohio state court for gun, drug, and evidence-tampering charges. In June 2015, he pled guilty to most of the charges, but maintained his innocence to cocaine

possession and trafficking. At a bench trial, Jackson argued the Government had to prove the weight of the pure cocaine involved, absent any filler material, to convict him of anything above a fifth-degree felony (*id.* at 2). The trial court rejected that argument and found Jackson guilty (*id.*). Jackson was sentenced to eleven years in prison (*id.* at 4).

He proceeded through the direct appeal process, making the same sufficiency argument he made at trial. The state appellate court affirmed, in an opinion that was overruled shortly afterward. *State v. Jackson*, 2016 WL 6599423, at *1 (Ohio App. 9th Dist. Nov. 7, 2016), overruled by *State v. Hamilton*, 2017 WL 277485, at *5 (Ohio App. 9th Dist. Jan 23, 2017). In July 2017, the Ohio Supreme Court declined to hear Jackson's case (Doc. 15 at 5).

In June 2018, Jackson filed a state post-conviction petition in the Lorain County Court of Common Pleas, claiming -- for the first time -- ineffective assistance of trial counsel (Case No. 14CR090543) (Doc. 8-1). Under Ohio Revised Code § 2953.21(A)(2), Jackson was required to file this petition within a year of "the date on which the trial transcript [was] filed in the court of appeals in the direct appeal of the judgment of conviction." Jackson's trial transcript was filed in the Court of Appeals on January 8, 2016, meaning his filing deadline was January 8, 2017 (Doc. 8-1 at 268). That deadline had long passed by the time Jackson filed in June 2018, and the trial court denied the petition as untimely (*id.*).

Jackson appealed this decision to the Ninth District Court of Appeals (Case No. 18CA011363). That court has not yet ruled on Jackson's appeal.

**Federal Court**

In April 2018, Jackson filed his federal Petition for Writ of Habeas Corpus, asserting only one ground for relief: that the evidence was insufficient to convict him of cocaine offenses because the Government did not prove the weight of pure cocaine in his possession (Doc. 1 at 5). In August and

2

September 2018, months after filing his Petition, Jackson filed a Motion for Stay (Doc. 9) and a Motion to Amend the Petition (Doc. 13). Jackson seeks to add his ineffective-assistance-of-trial-counsel claim to the Petition and argues that a stay is appropriate because he has not yet exhausted his state remedies for that claim (*see* Doc. 13-1 at 6).

Sloan opposes both Motions (Docs. 11, 14). The R&R recommends denying both Motions (Doc. 15 at 16).

## DISCUSSION

This Court adopts all uncontested findings and conclusions, and reviews *de novo* only those portions of the R&R challenged in the Objection. 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213–14 (6th Cir. 1981). The objecting party bears the burden of showing that a magistrate judge's decision on a non-dispositive pretrial matter, such as motions to amend or stay, is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). "A finding is clearly erroneous only when the reviewing court is left with a definite and firm conviction that a mistake has been committed." *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995) (citing *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985)).

To trigger *de novo* review, objections to an R&R must be specific, not "vague, general, or conclusory." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). This specific objection requirement is meant to direct the district court to "specific issues for review" in the R&R. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). General objections, by contrast, ask the district court to review the entire matter *de novo*, "making the initial reference to the magistrate useless." *Id.* "A general objection to the entirety of the magistrate's report," therefore, has the same effect as "a failure to object." *Id. See also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's

3

suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

Jackson's objections are not specific. He makes conclusory remarks about the entire R&R, rather than pinpointing clearly erroneous findings or conclusions. He repeats arguments that Judge Greenberg previously considered and properly rejected and offers no specific factual or legal basis for the general disagreement with the R&R.

The R&R discusses whether leave should be granted to amend the Petition (*see* Doc. 15 at 8–11). Among the relevant factors for whether leave to amend should be granted are the presence of undue delay, lack of notice, and undue prejudice. *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998). Here, Jackson filed his Motion to Amend nearly three months after filing his state post-conviction petition and nearly six months after filing his federal habeas Petition. His Objection does not explain how "some external impediment" prevented him from bringing his ineffective-assistance-of-trial-counsel claim to state court earlier and raising the claim when he first filed his habeas Petition. *Murray v. Carrier*, 477 U.S. 478, 492 (1986). Jackson had the trial transcript and all the evidence he needed for his new claim during his direct appeal process back in 2016. He does not point to any new evidence to support his new claim or any evidence to excuse his delay in raising it.

The sole explanation Jackson provides for his months-long delay is his *pro se* status, citing his lack of knowledge of procedural requirements (Doc. 16 at 3). But *pro se* status or procedural ignorance alone cannot excuse prolonged inattention when a statute calls for promptness. *Johnson v. United States*, 544 U.S. 295, 311 (2005). *See also Bonilla v. Hurley*, 370 F.3d 494, 498–99 (6th Cir. 2004) (finding that *pro se* status before the Ohio Supreme Court, ignorance of procedural requirements, and time limits on an inmate's prison-law-library access are insufficient to establish cause to excuse untimely filing). Consequently, Jackson's incarceration, *pro se* status, and claimed

procedural ignorance do not constitute cause to excuse his undue delay in raising his ineffective-assistance claim. This undue delay results in both a lack of notice and undue prejudice to Sloan (*see* Doc. 15 at 9). Accordingly, the R&R concludes, and this Court agrees, that leave to amend is inappropriate (*id.* at 11).

With no justification for adding the new claim, there is no reason to stay this litigation pending the exhaustion of that claim (*see id.* at 13). The Petition presents only one claim, and that claim has been fully exhausted in the state courts. The Petition, therefore, is not "mixed," and the reasoning for stay and abeyance under *Rhines v. Weber*, 544 U.S. 269, 275 (2005), is inapplicable. *See Stedman v. Hurley*, 2006 WL 2864319, at *8 (N.D. Ohio 2006) ("Because his petition is not a mixed petition, the court cannot stay the exhausted claims pending the resolution of the unexhausted claim.").

## CONCLUSION

This Court overrules Jackson's Objection (Doc. 16) and adopts the R&R (Doc. 15). The Motion for Stay in Abeyance (Doc. 9) and the Motion to Amend the Petition (Doc. 13) are denied. This Court certifies an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c).

This case remains referred to Judge Greenberg for an R&R on whether to grant or deny the Petition. *See* Local Civil Rule 72.2.

IT IS SO ORDERED.

s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 24, 2019