IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Darrell L. Jackson, Jr., | Case No. 1:18 CV 986 |
|           Petitioner, | ORDER ADOPTING |
| -vs- | REPORT AND RECOMMENDATION |
| Warden Brigham Sloan, | JUDGE JACK ZOUHARY |
|           Respondent. | |

Petitioner Jackson has objected to Magistrate Judge Greenberg's Report and Recommendation ("R&R") that Jackson's Petition for a Writ of Habeas Corpus be denied (Docs. 21–22). The State responds (Doc. 23). In 2014, Jackson was indicted on drug charges (Doc. 21 at 3). He pled guilty to some of those charges and, following a bench trial, was convicted of the rest (*id.* at 4). After receiving an aggregate sentence of eleven years, Jackson appealed through the state courts on a single ground: insufficient evidence (against the manifest weight of the evidence) (*id.* at 4–5). The state courts affirmed his conviction (*id.* at 5).

He next filed a *pro se* petition claiming inadequate assistance of counsel, which the state trial and appellate courts denied as untimely (*id.* at 5–6).

Now comes his federal habeas Petition asserting a single ground for relief: "insufficient evidence to prosecute . . . [for failure to] prove that the weight of the cocaine meets the statutory threshold, excluding the weight of any filler . . . ." (Doc. 1 at 5). Jackson later tried to amend his Petition by adding a second ground: ineffective assistance of counsel. That amendment was denied without further appeal (Docs. 15–18).

Magistrate Judge Greenberg found the Petition was untimely, and therefore, procedurally defaulted (Doc. 21 at 12). He further found that Jackson failed to demonstrate cause to excuse the procedural default (*id.* at 15). In short, Jackson's appeals through the state courts were based on a violation of state law, not federal law (*see id.* at 12). Any attempt by Jackson now to claim a violation of federal law has been unexhausted in the state court (*id.* at 13). *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). Further, to the extent Jackson alleges strictly state law violations, such a claim is not recognized on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Finally, the Magistrate Judge finds that neither cause nor prejudice has been demonstrated by Jackson to overcome his procedural default (Doc. 21 at 13–15). *See Coleman v. Thompson*, 501 U.S. 722, 725 (1991).

Nor has Jackson provided any argument that would excuse his default under the "actual innocence exception." *See Bousley v. United States*, 523 U.S. 614, 623–24 (1998). Jackson's briefing, including his recent Objection (Doc. 22), does not argue or claim such an exception. The Objection contains a number of general legal principles, most of which are not applicable to his case. While he takes issue with the Magistrate Judge Opinion, he cites nothing new by way of facts or law that undermines the conclusion that his Petition is untimely.

Jackson does correctly cite to equitable tolling as one means of avoiding the untimeliness of his Petition. *Holland v. Florida*, 560 U.S. 631, 645 (2010). That doctrine, which Jackson acknowledges is applied "sparingly," requires Jackson to establish "he has been pursuing his rights diligently" and "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (citation omitted). But Jackson argues no facts to support this narrow exception (*see* Doc. 22 at 4–5). Even assuming he has pursued his rights diligently, there is nothing in the record to reflect

he satisfies the second prong of that exception. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 751 (6th Cir. 2011).

This Court adopts the R&R (Doc. 21) in its entirety. The Objection (Doc. 22) is overruled, and the Petition (Doc. 1) is denied. There is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2). Further, an appeal from this Order could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

      s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 29, 2019